UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States,

      Plaintiff,

v.                                                      Case No. 11-cr-20752

D-1, Orlando Gordon, et al.,             Sean F. Cox
                                                        United States District Court Judge

      Defendants.
_____/

**ORDER**
**DENYING DEFENDANT ORLANDO GORDON'S MOTIONS FOR**
**RECONSIDERATION [DOCKET NOS. 285 & 286]**

On February 1, 2013, Defendant Orlando Gordon ("Gordon") filed his Motions for Reconsideration [Docket Nos. 285 & 286], which address various motions filed by Gordon, that this Court previously denied in text only orders, that seek to join Defendant Vince Shivers' ("Shivers") briefs, arising out of Shivers' Motion to Compel Disclosure of GPS Tracking Documents and Reports [Docket No. 153] ("Shivers' motion to compel").

The Eastern District of Michigan Local Rule 7.1(h) provides as follows:

**(h) Motions for Rehearing or Reconsideration** . . . .

> **(3) Grounds.** Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

1

Eastern District of Michigan, Local Court Rule 7.1(h)(3).

In his Motions for Reconsideration, Gordon fails to demonstrate a palpable defect pursuant to Local Rule 7.1(h)(3). He merely reasserts the arguments that he made in his motions. This Court, once again, directs Gordon to the "Order Following the November 5, 2012, Status Conference." (Docket No. 152.)

It is unclear why Gordon believes he will not be permitted to join in any argument discussed in Shivers' reply briefs, responses and supplemental briefs relating to Shivers' motion to compel because Gordon has already filed a joinder [Docket No. 180], to Shivers' motion to compel. Gordon seems to understand this because in his motions that he is asking this Court to reconsider, he asserts, on several occasions, that he is only filing those motions as a courtesy.

Furthermore, this Court will continue to permit Gordon to participate in the scheduled motion hearing, addressing Shivers' motion to compel. This Court accepted his joinder to Shivers' motion to compel, which made a similar request to participate in the hearings. (*See* Docket No. 180, ¶ 4.) Thus far, all the defendants in this action, including Gordon, have been offered the opportunity, by this Court, to participate in the proceedings involving the motions that they have joined and/or concurred. It is unclear why Gordon believe he will not be afforded the same opportunity.

The motions that Gordon would like this Court to reconsider are unnecessary, duplicative, and moot. Gordon does not even add any additional argument in those motions.

**IT IS ORDERED** that Gordon's Motions for Reconsideration [Docket Nos. 285 & 286] are **DENIED**.

**IT IS SO ORDERED.**

2

        S/Sean F. Cox  
        Sean F. Cox  
        United States District Judge

Dated: February 7, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 7, 2013, by electronic and/or ordinary mail.

        S/Jennifer McCoy  
        Case Manager