UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                                                Case No. 11-20752

D-1, Orlando Gordon,                              Honorable Sean F. Cox

    Defendant.

_____/

**OPINION & ORDER
DENYING DEFENDANT ORLANDO'S MOTION FOR
DISQUALIFICATION (DOCKET ENTRY NO. 309)**

This matter is currently before the Court on a "Motion For Disqualification Of Trial Court Pursuant To 28 USC Secs. 144 and 455, And The Due Process Clauses" (Docket Entry No. 309) filed by Defendant Orlando Gordon. The Court finds that oral argument would not aid the decisional process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided without oral argument. Finding no basis to support the relief sought, the Court shall DENY the motion.

In the instant motion, Defendant Gordon moves for disqualification of the undersigned pursuant to "28 U.S.C. Secs. 144 and 455, and pursuant to the constitutional due process clauses, US Const, Ams V, XIV" based upon actions this Court has taken during the pretrial proceedings in this criminal case. (Docket Entry No. 309 at 1). The motion indicates that it is based upon this Court's actions in: 1) striking "joinder and concurrences" filed by Defendant Gordon; 2) ruling upon objections during evidentiary hearings in this matter; and 3) holding two brief status conferences with counsel in chambers without Defendants having been present.

1

Judicial disqualification is required under 28 U.S.C. § 455(a) "in any proceeding in which [the Court's] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). In addition, §455(b)(1) requires disqualification where a judge "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). The Sixth Circuit has "held that '[i]n order to justify recusal under 28 U.S.C. § 455, the judge's prejudice or bias must be *personal* or extrajudicial.'" *EBI-Detroit, Inc. v. City of Detroit*, 279 Fed. App'x 340, 354 (6th Cir. 2008) (quoting *United States v. Jamieson,* 427 F.3d 394, 405 (6th Cir. 2005)). "Personal bias" is "prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases." *Jamieson,* 427 F.3d at 405.

Here, Defendant Gordon's general allegations of bias toward him and his counsel, unsupported by any facts setting forth a personal or extrajudicial source of the bias, are insufficient to warrant recusal under § 455.

Defendant Gordon also asserts that recusal is warranted under 28 U.S.C. § 144, which provides as follows:

> Whenever a party to any proceeding in a district court makes and files a *timely and sufficient affidavit* that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> *The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists*, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144 (emphasis added).

Although "§ 144 on its face appears to require automatic disqualification once the

affidavit is filed," it is well-established that the statute is not so construed. *Easely v. University of Michigan Bd. of Regents*, 853 F.3d 1351, 1355 (6th Cir. 1988). Rather, once such an affidavit has been filed, the "district court judge has a duty to examine the affidavit to determine whether it is timely and legally sufficient." *Id.*

The undersigned is also mindful that the Sixth Circuit has cautioned that "[t]here is as much an obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is." *Easley*, 853 F.3d at 1356; *see also Michigan Tech. Reps, Inc. v. Mold-Ex, Inc.*, 2008 WL 2857982 at * 3 (E.D. Mich. 2008) (noting that in evaluating a motion for disqualification, " that 'where the standards governing disqualification have not been met, disqualification is not optional; it is prohibited.'") (quoting *In re Aguinda*, 241 F.3d 194, 201 (2d Cir. 2001)). This is especially so here, where the undersigned is the now the *third judge* that has presided over this multi-defendant criminal action and trial is less than two months away.

"An affidavit supporting the disqualification of a judge must strictly comply with all of the requirements set forth in the judicial disqualification statute before it will effectively disqualify a judge." 32 AM.JUR.2D FEDERAL COURTS § 559, *Sufficiency of Affidavit*. "A legally sufficient affidavit must meet the following requirements: (1) the facts must be material and stated with particularity; (2) the facts must be such that if true they would convince a reasonable [person] that a bias exists; and (3) the facts must show the bias is personal as opposed to judicial in nature." *Henderson v. Department of Public Safety and Corrections*, 901 F.2d 1288, 1296 (6th Cir. 1990); *see also General Aviation v. Cessna Aircraft Co.*, 915 F.2d 1038, 1043 (6th Cir. 1990); *In re M. Ibrahim Khan, P.S.C.*, 751 F.2d 162, 164 (6th Cir. 1984); 32 AM. JUR.2D FEDERAL COURTS § 559, *Sufficiency of Affidavit*. "Affidavits of bias are strictly construed

3

against the party seeking a judge's disqualification." *Id.; see also United States v. Womack*, 454 F.2d 1337, 1341 (5th Cir. 1972) ("Because of the disruption and delay of the judicial processes that can be caused by the disqualification of a trial judge, affidavits of disqualification are strictly scrutinized for form, timeliness, and sufficiency."); *Cochran v. City of Norton*, 87 f.3d 1315 (6th Cir. 1996) (citing *Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988)).

Here, the Affidavit submitted by Defendant in support his Motion for Disqualification states, in its entirety:

> Orlando Gordon being first duly sworn, deposes and states as follows:
> 1. My name is Orlando Gordon, and I am Defendant No. 1 in U.S. District Court for the Eastern District of Michigan Case No. 11-20752.
> 2. I have been represented in this case from the time of the original Indictment by attorney John F. Royal.
> 3. I have attended the Court proceedings in this case, including on February 1, 8, and 13, 2013; and I have been provided with copies of motions and related documents filed by my attorney; responses filed by the government; and Orders issued by Judge Sean Cox.
> 4. I have read and reviewed the Motion for Disqualification of Trial Court Pursuant to 28 U.S.C. Sec. 144 and 455, and the Due Process Clauses, and the Memorandum of Law in support, which have been drafted by my attorney for filing in this case.
> 5. The statements in the Motion for Disqualification and in the Memorandum of Law in support are true and correct to the best of my knowledge and belief, and, with respect to those facts of which I do not have personal knowledge of, I believe them to be true.
> 6. It is apparent to me that Judge Shawn [sic] Cox is personally biased and prejudiced against both my attorney, John F. Royal, and against myself. In support of this statement, I incorporate by reference the complete text of the Motion for Disqualification of Trial Court Pursuant to 28 U.S.C. § Secs. 144 and 455, and the Due Process Clauses, and the Memorandum of Law in support, as if fully stated herein.
> 7. I certify that the Motion for Disqualification of Trial Court Pursuant to 28 U.S.C. Secs. 144 and 455, and the Due Process Clauses, and the Memorandum of Law in support, are brought and made in good faith, and with my consent.

    8.    The information in this affidavit is true and correct to the best of my knowledge and belief.

    9.    I am competent to testify to the matters contained in this affidavit.

(Docket Entry No. 309-4).

Contrary to the language of Section 144, which expressly requires that the "affidavit shall state the facts and the reasons for the belief that bias or prejudice exists," the affidavit submitted by Defendant Gordon does not do so. It is therefore *legally insufficient*. *See, e.g., Henderson*, 901 F.2d at 1296 (holding affidavit as legally insufficient under § 144 where "[t]he only affidavit submitted with the motion for recusal was one in which [Defendant] attested that the contents of the motion to recuse" were "true and accurate to the best of his knowledge and belief."). The motion must therefore be denied based upon the legal insufficiency of the affidavit.

Moreover, even if the affidavit had contained facts concerning the actions that are set forth in Defendant Gordon's motion, the Court concludes that such facts would not convince a reasonable person that this Court is biased against him or his counsel. The actions that form the basis for Defendant Gordon's motion are judicial rulings or actions in this case.

As stated by the United States Supreme Court, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States,* 510 U.S. 540, 555 (1994). As the Court explained:

> In and of themselves (i.e., apart from surrounding comments or accompanying opinion), [judicial rulings] cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks

> during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible . . . *Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration – even a stern and short-tempered judge's ordinary efforts at courtroom administration – remain immune.

*Liteky*, 510 U.S. at 555-556 (emphasis in original).

Application of these principles is not difficult here, where the actions that form the basis of Defendant's Gordon's motion are ordinary efforts at this Court's administration over this multi-defendant criminal action.

First, Defendant Gordon contends that bias is established by this Court's striking "joinder and concurrences" filed by Defendant Gordon. The filings at issue, however, were filed after the deadline established for the filing of pretrial motions.

Rule 12 of the Federal Rules of Criminal Procedure provides that a "party may raise by *pretrial motion* any defense, objection, or request that the court can determine without a trial of the general issue" and that the Court "may set a deadline for the parties to make pretrial motions." Fed. R. Crim. P. 12(b)(2) and (c) (emphasis added). This Court set a deadline for filing pretrial motions in this case.

Long after that deadline, however, and after hearings had been scheduled by the Court, Defendant Gordon "filed *motions* on January 20, 2013 on behalf of Mr. Gordon seeking to join and concur in" pretrial motions that had been filed by other Defendants. (Def.'s Br. at 6) (emphasis added).

Defendant Gordon cannot circumvent the deadline established by this Court for filing pretrial motions by calling a given filing – which is in reality a motion seeking pretrial relief – a "joinder" or "concurrence." Striking Defendant Gordon's untimely submissions, filed after the deadline for pretrial motions and without his having sought leave of Court to file, does not reflect bias or partiality. It was simply a function of this Court's efforts at efficient administration and management of this multi-defendant criminal case.

Second, Defendant Gordon contends that bias is established by some of this Court's rulings on objections during evidentiary hearings in this matter. As stressed by this Court during the hearings, this Court "must exercise reasonable control over the mode and order of examining witnesses" in order to "make those procedures effective for determining the truth" and to "avoid wasting time." Fed. R. Evid. 611(a). This Court's rulings during the evidentiary do not reflect bias or partiality toward any party or their counsel; they reflect this Court's effort's at proceeding with the hearings in a logical and efficient manner given the number and nature of issues, and the number of parties, involved.

Third, Defendant Gordon contends that disqualification is required because this Court held two brief status conferences with counsel in chambers, and without Defendants[1] present, to discuss the proposed schedule and procedure for continuing the motion and evidentiary hearings.

While a criminal defendant has a right to be present at every stage of a trial, that does not mean that a defendant has the right to be present at every conference. *United States v. Barth*, 424 F.3d 752, 762 (8th Cir. 2005). A "defendant's presence is not required at a conference regarding trial procedure. *See, e.g., Cox v. United States*, 309 F.2d 614, 616 (8th Cir. 1962) ("It

---

[1] There are sixteen Defendants in this action.

is not unusual for a judge to call counsel into chambers and discuss matters of evidence, the form of questions, instructions proposed, and other matters looking to a more orderly trial, without having a defendant present."). These types of discussions are 'not part of the trial within the meaning of Rule 43.' *Id*." *Barth*, 424 F.3d at 762; *see also United States v. Taylor*, 489 Fed. App'x 34, 44 (6th Cir. 2012) (citing *Barth* for the proposition that a defendant's presence is not required at a conference regarding trial procedure).

The undersigned therefore concludes that disqualification under Section 144[2] is not warranted.

Accordingly, for the reasons set forth above, IT IS ORDERED that Defendant Orlando's Motion For Disqualification is DENIED.

IT IS SO ORDERED.

                                                     S/Sean F. Cox
                                                     Sean F. Cox
                                                     United States District Judge

Dated: February 25, 2013

---

[2]The standard for judicial disqualification set forth in *Liteky* also governs Defendant Gordon's contention that due process requires recusal. *Lyell v. Renico*, 470 F.3d 1177, 1186 (6th Cir. 2006). A judge's misconduct at trial may be characterized as "bias or prejudice," in violation of due process, only if it is "'so extreme as to display clear inability to render fair judgment,'" "so extreme in other words that it 'display[s] a deep-seated favoritism or antagonism" that it would make a fair trial impossible. *Id*. (quoting *Liteky, supra*). The Court concludes this very high standard was not met, for the same reasons that the Court concludes that recusal under Section 144 is not warranted.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                          Case No.   11-20752

D-1, Orlando Gordon,                 Honorable Sean F. Cox

    Defendant.
_____/

**PROOF OF SERVICE**

    I hereby certify that a copy of the foregoing document was served upon counsel of record on February 25, 2013, by electronic and/or ordinary mail.

                                                  S/Jennifer McCoy
                                                  Case Manager