UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                            Case No.   11-20752

D-1, Orlando Gordon, *et al.*,            Honorable Sean F. Cox

    Defendant.
_____/

### ORDER DENYING DEFENDANT GORDON'S MOTION FOR RECONSIDERATION OF OPINION & ORDER DENYING MOTION FOR DISQUALIFICATION (DOCKET ENTRY NO. 326)

On February 25, 2013, this Court issued an Opinion & Order Denying Defendant Orlando Gordon's Motion for Disqualification. On March 11, 2013, Defendant Gordon filed a motion seeking reconsideration. (Docket Entry No 325).

Motions for reconsideration are governed by Local Rule 7.1(h). Local Rule 7.1(h) provides the following standard regarding motions for rehearing or reconsideration:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

L.R. 7.1(h)(3).

In denying Defendant Gordon's motion for disqualification, this Court found the affidavit that Defendant Gordon submitted in support of his motion legally insufficient. In his Motion for Reconsideration, Defendant Gordon asserts that because *Henderson v. Department of Public*

1

*Safety and Corrections*, 901 F.2d 1288 (5th Cir. 1990), which found that an affidavit simply attesting to the contents of a motion to recuse is legally insufficient, is not a decision from the Sixth Circuit it is not controlling. Defendant Gordon contends that "[n]one of the Sixth Circuit cases cited by this Court state that there is any problem" with an affidavit that simply incorporates allegations in a motion. (Def.'s Br. at 3).

While *Henderson* is not controlling, this Court finds it very persuasive. This is especially so given that the *recusal statute itself expressly requires* that the "*affidavit shall* state the facts and the reasons for the belief that bias or prejudice exists." 28 U.S.C. § 144 (emphasis added). This Court continues to believe that the affidavit submitted by Defendant Gordon is legally insufficient.

In his motion, Defendant Gordon also states, "in order to make sure the record is perfected for review by the U.S. Court of Appeals for the Sixth Circuit," he is now submitting another affidavit and another affidavit from his counsel. (Def.'s Br. at 3). Section 144 expressly states, however, that a party seeking recusal "may file only one such affidavit in any case." 28 U.S.C. § 144. By submitting additional affidavits in the context of a Motion for Reconsideration, Defendant Gordon is improperly attempting to expand the record and circumvent the express provisions of Section 144. This is not a basis for reconsideration of the Court's ruling.

Defendant Gordon also continues to argue that this Court was required to have another judge review his motion. He argues that the Sixth Circuit's decision in *Easley v. University of Michigan Bd. of Regents*, 853 F.2d 1351, 1355 (6th Cir. 1988), which states otherwise, "is an erroneous construction of a plainly written federal statute." (Def.'s Br. at 3). This argument

provides no basis for reconsideration of this Court's ruling; this Court is bound to follow Sixth Circuit authority.

In conclusion, having considered Defendant Gordon's Motion for Reconsideration, the Court finds no basis for reconsideration of its rulings. Accordingly, IT IS ORDERED that Defendant Gordon's Motion for Reconsideration (Docket Entry No. 326) is DENIED.

IT IS SO ORDERED.

                S/Sean F. Cox
                Sean F. Cox
                United States District Judge

Dated: March 12, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 12, 2013, by electronic and/or ordinary mail.

                S/Jennifer McCoy
                Case Manager