UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                               Criminal Case No. 11-20752

Orlando Gordon,                     Sean F. Cox
                                                          United States District Court Judge

    Defendant.
_____/

**OPINION & ORDER
DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

In this criminal action, Defendant Orlando Gordon ("Defendant") pleaded guilty to drug offenses was ultimately sentenced to 153 months' imprisonment. Defendant is presently being housed at Milan Federal Correctional Institution and his scheduled release date is January of 2023. The matter is before the Court on Defendant's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A), which is based upon concerns about the ongoing novel coronavirus pandemic ("COVID-19"). This motion asks the Court to allow Defendant to serve the remainder of his sentence at home because he is concerned that he could contract the virus, and that he may be vulnerable to severe illness if he were to contract it because he claims to have high blood pressure. The Court concludes that a hearing is not warranted and orders that the motion will be decided based upon the briefs. As explained below, the Court shall DENY the motion because Defendant has not shown that there are extraordinary and compelling reasons to reduce his sentence, that his release would be consistent with applicable policy statements issued by the Sentencing Commission, or that the 18 U.S.C. § 3553(a) sentencing factors favor his release.

## BACKGROUND

In this criminal case, Defendant pleaded guilty to Conspiracy to Possess with Intent to Distribute and to Distribute Marijuana, Cocaine, and Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 846 and to a Structuring Currency Transaction, in violation of 31 U.S.C. § 5324(a)(3). This Court ultimately sentenced him to 153 months' imprisonment. Defendant is presently being housed at Milan Federal Correctional Institution and his scheduled release date is January of 2023.

Defendant filed his Motion for Compassionate Release on June 23, 2020. The Government acknowledges that Defendant exhausted his administrative remedies but opposes the motion on the merits.

## ANALYSIS

Defendant's Motion for Compassionate Release is brought under 18 U.S.C. §3582(c)(1)(A) and asks this Court to allow him to serve the remaining portion of his sentence in home confinement.

**A.     The Parties' Arguments**

Defendant's motion is grounded in the COVID-19 pandemic. This motion asks the Court to allow Defendant to serve the remainder of his sentence at home because he is concerned that he could contract the virus and that he may be vulnerable to severe illness, if he were to contract it, because he claims to have high blood pressure.

The Government opposes the motion, asserting that Defendant does not qualify for compassionate release. Its arguments include that: 1) Defendant's medical records do not support his assertion about having high blood pressure and, even if he had high blood pressure, that would not support release; 2) the Bureau of Prisons has responded to the pandemic by

taking various measures to protect inmates and mitigate the risk of the virus within its facilities; and 3) consideration of the § 3553(a) factors weighs against his request.

**B.     Applicable Standards**

This Court recently explained the standards that apply to a motion for compassionate relief:

> Under 18 U.S.C. § 3582(c)(1)(A), the Court may reduce an imposed sentence if it determines that "extraordinary and compelling reasons warrant such a reduction." On top of making this finding, the Court must also consider the sentencing factors described in 18 U.S.C. § 3553(a) and decide if a sentence reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).
> U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018) is the "applicable policy statement" with which the Court must comply when considering Murphy's request for compassionate release. 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 explains that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g) and must fit within at least one of four categories of "extraordinary and compelling reasons." Those categories are: "Medical Condition of the Defendant," "Age of the Defendant," "Family Circumstances," and "Other Reasons." The category of "Other Reasons" requires the BOP to determine that "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons" outlined in the other three categories. U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1(D). The BOP has released Program Statement 5050.50 to guide its determination of extraordinary and compelling circumstances under this fourth category. Federal Bureau of Prisons, U.S. Department of Justice, Program Statement 5050.50: Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g) (2019).
> "In all, a defendant seeking compassionate release must present extraordinary and compelling circumstances, must have § 3553(a)'s sentencing factors weigh in his favor, must not be a threat to others as determined by § 3142(g), and must fit within one of the four categories in § 1B.13 of the Sentencing Guidelines." *United States v. Shah*, 2020 WL 1934930 at *1 (E.D. Mich. April 22, 2020) (citations omitted).

*United States v. Murphy*, 2020 WL 2507619 at *3-4 (E.D. Mich. May 15, 2020).

**C.     Relief Available**

3

Defendant's motion asks this Court to allow him to serve the remaining portion of his sentence in home confinement.

As this Court explained in *Murphy*, "the compassionate-release statute allows the Court to craft a reduced sentence that, for all practical purposes, looks very much like ordering that [a defendant] be allowed to spend the remainder of his current sentence on home confinement. It just requires a few more steps:"

> Under 18 U.S.C. §3582(c)(1), the Court can reduce [a defendant's] current custodial sentence and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). In other words, the Court could reduce [a defendant's] current sentence to time served, then order [that defendant] to serve a time period equal to his undischarged prison term on supervised release and order that, as a condition of that release, he be confined to his home. *See, e.g., United States v. Hunt*, 2020 WL 239522 at *8 (E.D. Mich. May 12, 2020).

*United States v. Murphy*, supra, at *4.

But modifying a defendant's sentence in this way would still require a reduction of his current custodial sentence. *Id*. Thus, Defendant would still need to meet the conditions described above.

### D. Extraordinary and Compelling Reasons / U.S.S.G. § 1B1.13

As this Court explained in *Murphy*:

> The First Step Act effectively transferred the power to determine whether "extraordinary and compelling reasons" exist from the BOP to the federal courts. *See, generally, United States v. Young*, 2020 WL 1047815 at *3-6 (M.D. Tenn. March 4, 2020) (describing changes in the statutory and regulatory standards that governed compassionate release motions from 1984 to the present). Before the First Step Act, the BOP made that call by applying a standard articulated by the United States Sentencing Commission in an Application Note to U.S.S.G. § 1B1.13. *Id.* Today, that finding is not predicated on either that Application Note or the BOP's judgment because the First Step Act gave the judiciary "the authority to reduce a prisoner's sentence upon the [C]ourt's independent finding of extraordinary or compelling reasons." *Id*. at *6 (collecting cases). To make this

finding, the Court may still look to § 1B1.13's Application Note for guidance in applying this "vague standard." *United States v. Ebbers*, __ F.Supp.3d __, 2020 WL 91399 at *2 (S.D.N.Y. Jan. 8, 2020); *see also United States v. Beck*, 425 F.Supp.3d 573, 579 (M.D.N.C. 2019).

To begin, § 1B1.13's Application Note provides certain circumstances in which a prisoner's medical condition constitutes an extraordinary and compelling reason for a sentence reduction:

1. Extraordinary and Compelling Reasons.--Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

   (A) Medical Condition of the Defendant.

   > (I) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

   > (ii) The defendant is

   > > (I) suffering from a serious physical or medical condition,

   > > (II) suffering from a serious functional or cognitive impairment, or

   > > (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, comment. (n.1) (2018).

*Murphy, supra*, at * 4-5.

Here, Defendant does not meet either circumstance described in § 1B1.13's Application Note. A review of the medical records provided by the Government reflects that Defendant is a 40-year-old man who is in good health. Defendant offered no medical records, or any other

documentation, in support of his assertion that he has high blood pressure. The medical records provided by the Government do not indicate that Defendant has high blood pressure or that he has been prescribed any blood pressure medications. While Defendant has received treatment for some rashes and other dermatological issues, the records do not indicate that Defendant has any medical condition that could be considered a "terminal illness (ie., a serious and advanced illness with an end of life trajectory") or that they pose a "serious physical or medical condition" that "substantially diminishes [his ability] to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover."

Moreover, the Court concludes that the circumstances presented here do not provide "extraordinary and compelling" reasons to reduce Defendant's sentence. "A court in this district has defined 'extraordinary' as 'exceptional to a very marked extent,' and 'compelling' as 'tending to convince or convert by or as if by forcefulness of evidence.' *Shah,* 2020 WL 1934930 at *2 (E.D. Mich. April 22, 2020) (quoting Webster's Third International Dictionary, Unabridged (2020)). Another court in this district has described the requirements of 'extraordinary' as beyond what is usual, customary, regular, or common,' and 'compelling reason' as one so great that irreparable harm or injustice would result if the relief is not granted. *United States v. Sapp*, 2020 WL 515935 at *3 (E.D. Mich. Jan. 31, 2020) (citations omitted)." *Murphy, supra*, at * 5.

A generalized risk of contracting COVID-19, or potentially developing the more severe symptoms associated with it, are not the type of "extraordinary and compelling reasons" that justify compassionate release. *Murphy, supra*, at *6; *United States v. Shah*, 2020 WL 1834930 at *2 (E.D. Mich. April 22, 2020) ("[S]peculation as to whether COVID-19 will spread through

6

Defendant's detention facility . . . whether Defendant will contract COVID-19, and whether he will develop serious complications does not justify the extreme remedy of compassionate release."). Further, as detailed in the Government's response, the BOP has instituted strict protocols designed to prevent the spread of COVID-19 within its facilities.

E.     **18 U.S.C. § 3553(a) Factors**

In addition, the 18 U.S.C. § 3553(a) sentencing factors do not favor release in this case. Defendant's crime – trafficking significant quantities of drugs – was a serious one. In addition, while on bond in this case, Defendant was arrested for home invasion, assault, and domestic violence. Defendant later pleaded guilty to a domestic violence offense. This Court concludes that the 18 U.S.C. § 3553(a) sentencing factors do not weigh in favor of compassionate release.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendant's Motion for Compassionate Release is **DENIED.**

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: July 31, 2020